**Thomas M. Reardon III, Esq./ID#033071991**
**REARDON ANDERSON, LLC**
55 Gilbert Street North
Suite 2204
Tinton Falls, NJ  07701
(732) 758-8070
Attorney for defendants,
The Atlantic Amateur Hockey Association,
Atlantic District Player Development Program,
John Riley and Colleen Marinari

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.M., a minor, individual by and through his parent, D"ANN MCCOY, 853 North Moss Street Philadelphia, PA  19139, | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 2:17-CV-10671-SDW-SCM |
| vs. | ) ) ) |
| THE ATLANTIC AMATEUR HOCKEY ASSOCIATION 251 E. Glen Ave. Ridgewood, NJ  07450 | ) ) ) ) **ANSWER TO COMPLAINT** ) |
| and | ) ) |
| ATLANTIC DISTRICT PLAYER DEVELOPMENT PROGRAM 251 E. Glen Ave. Ridgewood, NJ  07450 | ) ) ) ) ) |
| and | ) ) |
| USA HOCKEY, INC. 1775 Bob Johnson Dr. Colorado Springs, CO  80906-4090 | ) ) ) ) |
| and | ) ) |
| JOHN RILEY 601 Laurel Oak Road Voorhees, NJ  08043 | ) ) ) ) |
| and | ) ) |
| COLLEEN MARINARI 1623 Hilltop Road Spring City, PA  19475 | ) ) ) ) |
| and | ) ) |
| JOHN DOES 1-10 Defendants. | ) ) ) |

The defendants, The Atlantic Amateur Hockey Association, Atlantic District Player Development Program, John Riley and Colleen Marinari, by way of Answer to plaintiff's Complaint, say:

## INTRODUCTION

1. The defendants deny the allegations contained in paragraph 1 of the Introduction.

2. The defendants deny the allegations contained in paragraph 2 of the Introduction.

3. The defendants deny the allegations contained in paragraph 3 of the Introduction.

## JURISDICTION AND VENUE

4. The defendants deny the allegations contained in paragraph 4 of Jurisdiction and Venue.

5. The defendants have no knowledge as to paragraph 5 of Jurisdiction and Venue and leave plaintiff to its proofs.

## PARTIES

6. The defendants have no knowledge of the allegations contained in paragraph 6 of Parties.

7. The defendants admit the allegations contained in paragraph 7 of Parties.

8. The defendants admit the allegations contained in paragraph 8 of Parties.

9. The defendants admit the allegations contained in paragraph 9 of Parties.

10. Paragraph 10 of Parties does not pertain to these defendants; and, accordingly, no answer is provided.

11. The defendants deny the allegations contained in paragraph 11 of Parties. The Atlantic Player Development Program is not a division but a program run by the Atlantic Amateur Hockey Association.

12. Admit that John Riley is a Caucasian male and an adult citizen of the United States who was Director of Player Development in and around 2015 through 2016.

13. The defendants admit that Collen Marinari is a Caucasian female and an adult citizen of the United States.  However deny that Ms. Marinari was the Executive Director of the Atlantic District Player Development Program, as her position was Executive Director of the Atlantic Amateur Hockey Association.

14. Paragraph 14 of Parties does not pertain to these defendants; and, accordingly, no answer is provided.

## STATEMENT OF FACTS

15. The defendants admit the allegations contained in paragraph 15 of Statement of Facts.

16. The defendants admit most of the allegations contain in paragraph 16 of Statement of Facts.  However, the program offers evaluation, exposure and training for players ages 12 through 17.  The three Peewee teams were the Flyers, Devils and Phantoms, not USA Peewee teams.

17. The defendants admit the allegations contained in paragraph 17 of Statement of Facts.

18. The defendants admit there were three Peewee teams, the Flyers, Devils and Phantoms, but they do not represent Team USA.

19. The defendants admit the allegations contained in paragraph 19 of Statement of Facts.

20. As to paragraph 20 of Statement of Facts, the defendants admit e-mails were sent regarding the selection process, however, over the years, some players who do not try out have been selected as a result of circumstances concerning injuries, travel or other issues.

21. The defendants admit the allegations contained in paragraph 21 of Statement of Facts.

22. As to paragraph 22 of Statement of Facts, the defendants admit in part and deny in part.  Defendants admit that the plaintiff tried out for goalie, however, only six goalies were to be selected for the three Quebec teams.

23. The defendants admit the allegations contained in paragraph 23 of Statement of Facts.

24. The defendants deny the allegations contained in paragraph 24 of Statement of Facts as 24 goalies tried out.

25. The defendants admit the allegations contained in paragraph 25 of Statement of Facts.

26. The defendants deny the language quoted is verbatim, however admit the general sentiment expressed.

27. The defendants admit the allegations contained in paragraph 27 of Statement of Facts.

28. The defendants deny the allegations contained in paragraph 28 of Statement of Facts.

29. The defendants deny the allegations contained in paragraph 29 of Statement of Facts. During the July/August camp, four teams of 20 members, each with two goalies, were established for the purposes of selecting the three teams of 18 players, which included two goalies that would compete in Quebec.

30. The defendants deny the allegations contained in paragraph 30 of Statement of Facts.

31. As to paragraph 31 of Statement of Facts, the defendants cannot admit or deny as to whether one goalie was injured or whether that goalie was sick and was unable to participate. However, there would be three teams of 18 members with two goalies to be selected for Quebec.

32. The defendants deny the allegations contained in paragraph 32 of Statement of Facts.

33. As to paragraph 33 of Statement of Facts, the defendants admit in part, deny in part. It is admitted that the Plaintiff was not selected for any of the Quebec teams and placed on the alternate list. It is denied that the Plaintiff was on the winning team as such statistics were not kept.

34. The defendants deny the allegations contained in paragraph 34 of Statement of Facts.

35. As to paragraph 35 of Statement of Facts, the defendants admit that the rule states that the players must attend the development camp to be eligible for the Quebec team, however, over the years, exceptions have been made based upon varying circumstances.

36. As to paragraph 36 of Statement of Facts, the defendants admit that one of the goalies did not attend the development camp; however, deny the player played for the defendant Riley as defendant Riley did not coach in another league in 2015/2016.

37. The defendants deny the allegations contained in paragraph 37 of Statement of Facts as the Plaintiff's email made inquiry as to why the alternates, who did not make the Quebec teams, were unable to practice with their team just prior to the tournament and to travel to Quebec.

38. The defendants deny the allegations contained in paragraph 38 of Statement of Facts as the response refers to the alternates being unable to practice with the Quebec teams and further "Exhibit A" speaks for itself.

39. The defendants deny the allegations contained in paragraph 39 of Statement of Facts as the Exhibit speaks for itself.

40. The defendants admit the allegations contained in paragraph 40 of Statement of Facts.

41. As to paragraph 41 of Statement of Facts, defendants admit that the Plaintiff was advised that as an alternate, he could practice with the team.  It is denied that the Plaintiff was advised he could travel with the team to games as the three Quebec teams did not play other teams prior to the tournament.

42. The defendants deny the allegations contained in paragraph 42 of Statement of Facts.

43. The defendants deny the allegations contained in paragraph 43 of Statement of Facts.

44. The defendants have no knowledge as to paragraph 44 of Statement of Facts and leaves plaintiff to its proofs.

45. The defendants deny the allegations contained in paragraph 45 of Statement of Facts.

46. The defendants deny the allegations contained in paragraph 46 of Statement of Facts.

47. The defendants deny the allegations contained in paragraph 47 of Statement of Facts further the three Quebec teams were selected in August of 2015.

48. The defendants deny the allegations contained in paragraph 48 of Statement of Facts.

49. The defendants deny the allegations contained in paragraph 49 of Statement of Facts.

50. The defendants have no knowledge as to paragraph 50 of Statement of Facts and leaves Plaintiff to its proofs.

51. As to paragraph 51 of Statement of Facts, the defendants cannot admit nor deny the allegation as John Riley was not the coach of Team Comcast.

52. The defendants admit the allegations contained in paragraph 52 of Statement of Facts.

53. As to paragraph 53 of Statement of Facts, the defendants admit that the Plaintiff reached out to Colleen Marinari, however, the remainder of the allegation is denied as the Plaintiff made the development camp but not the team, as a result the Plaintiff would be required to try out.

54. The defendants deny the allegations contained in paragraph 54 of Statement of Facts. Further Colleen Marinari advised that the email sent was supposed to have only gone to players that made the team advising them that they did not need to try out. Since the Plaintiff only made, the camp and not the team, he would be required to try out. So the Plaintiff's were advised they could ignore that email.

55. The defendants admit the allegations contained in paragraph 55 of Statement of Facts.

56. The defendants deny the allegations contained in paragraph 56 of Statement of Facts.

57. The defendants deny the allegations contained in paragraph 57 of Statement of Facts.

58. The defendants deny the allegations contained in paragraph 58 of Statement of Facts.

59. As to paragraph 59 of Statement of Facts, the defendants admit that the plaintiff did not participate in the 2016 development camp, however, the remaining portion of the allegation is denied as there is an open invitation to players in the region to try out for the development program.

60. The defendants deny the allegations contained in paragraph 60 of Statement of Facts.

## COUNT I – TITLE VI VIOLATIONS – RACE DISCRIMMINATION

61. The defendant repeats the answers to the allegations contained in the previous paragraphs of the Complaint as if the same were set forth herein at length.

62. The defendants deny the allegations contained in paragraph 62 of Count I of the Complaint.

63. The defendants deny the allegations contained in paragraph 63 of Count I of the Complaint.

## COUNT II – SECTION 1981 VIOLATION – RACE DISCRIMMINATION
**Plaintiff v. All Individual Defendants**

64. The defendant repeats the answers to the allegations contained in previous paragraphs and Count of the Complaint as if the same were set forth herein at length.

65. The defendants deny the allegations contained in paragraph 68 of Count II of the Complaint.

66. The defendants deny the allegations contained in paragraph 66 of Count II of the Complaint.

## COUNT III – TITLE VI VIOLATIONS – RETALIATION

**Plaintiff v. All Defendants**

67. The defendant repeats the answers to the allegations contained in previous paragraphs and Counts of the Complaint as if the same were set forth herein at length.

68. The defendants deny the allegations contained in paragraph 68 of Count III of the Complaint.

### COUNT IV – SECTION 1981 VIOLATION – RETALIATION
**Plaintiff v. Defendants**

69. The defendant repeats the answers to the allegations contained in previous paragraphs and Counts of the Complaint as if the same were set forth herein at length.

70. The defendants deny the allegations contained in paragraph 70 of Count IV of the Complaint.

71. The defendants deny the allegations contained in paragraph 71 of Count IV of the Complaint.

### COUNT V – SECTION 1983 VIOLATION
**Plaintiff v. Defendants**

72. The defendant repeats the answers to the allegations contained in previous paragraphs and Counts of the Complaint as if the same were set forth herein at length.

73. The defendants deny the allegations contained in paragraph 73 of Count V of the Complaint.

74. The defendants deny the allegations contained in paragraph 74 of Count V of the Complaint.

75. The defendants deny the allegations contained in paragraph 75 of Count V of the Complaint.

76. The defendants deny the allegations contained in paragraph 76 of Count V of the Complaint.

77. The defendants deny the allegations contained in paragraph 77 of Count V of the Complaint.

78. The defendants deny the allegations contained in paragraph 78 of Count V of the Complaint.

## PRAYER FOR RELIEF

The defendants deny the allegations contained in the Prayer for Relief section of the Complaint.

## SEPARATE DEFENSES

1. At the time and place mentioned in the Complaint, these defendants were not guilty of any negligence which was a proximate cause of the alleged accident, injuries and damages of which the plaintiff complains.

2. These defendants violated no legal duty owed to the plaintiff.

3. The plaintiff was guilty of the sole negligence which was the proximate cause of the damages complained of.

4. The alleged damages sustained by the plaintiff are the proximate result of the acts and/or omissions of parties over which this defendant exercised no control.

5. The Complaint herein fails to state a claim upon which relief can be granted as to these defendants, and these defendants reserve the right to move, at or before the time of trial, to dismiss the Complaint for failure to state a claim upon which relief can be granted.

6. This court lacks jurisdiction over the person of these defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

7. This accident resulted from circumstances and conditions beyond the control of these defendants.

8. The Complaint is barred by the applicable Statute of Limitations.

9. The Court lacks personam jurisdiction over these defendants and these defendants reserves the right to quash service of the Summons and Complaint.

10. Defendant asserts that plaintiff has failed to mitigate damage.

11. Plaintiff's claims must be dismissed as the defendants are not a public entity.

12. Plaintiff's claims must be dismissed as *respondeat superior* is not applicable to the plaintiff's claim.

13. Plaintiff's Complaint must be dismissed for failing to provide facts supporting deliberate indifference concerning the plaintiff's treatment.

14. Plaintiff's claim must be dismissed for failing to exhaust his administrative remedies.

## DEMAND FOR TRIAL BY JURY

This defendant hereby demands a trial by jury as to all issues so triable.

DATED:  January 25, 2018      REARDON ANDERSON, LLC
                 Attorney for Defendants, The Atlantic
                 Amateur Hockey Association, Atlantic
                 District Player Development Program, John
                 Riley and Colleen Marinari


              BY:___*/s/ Thomas M. Reardon*_____
                 THOMAS M. REARDON III