IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY

McCoy *et al*.

        Plaintiffs

v.                              Civil Action No.: **2:17-cv-10671**

The Atlantic Amateur Hockey Association *et al*.

        Defendants.

### PLAINTIFF'S MOTION TO VACATE ORDER FILED APRIL 25TH 2018 (Dk. No. 8)

COMES THIS DAY, Plaintiff D'Ann McCoy, proceeding *pro se,* pursuant Rule 60(b) of the Federal Rules of Civil Procedure, and the authorities cited herein, who hereby moves this Most Honorable Court to vacate its *Order* Filed on April 25th, 2018 (Document No. 8) granting a Motion for Voluntary Dismissal of all of his claims without prejudice against Defendant USA Hockey, Inc., due to fraud being committed upon this Court by attorney Matthew B. Weisberg, Esq. In support of this *Motion*, Plaintiff, after being first duly sworn under the pains and penalties of perjury, respectfully represents as follows:

### INTRODUCTION

Plaintiff, D' Ann McCoy, *ex rel*, D.M., a minor, individually by and through is parent, bring this action for monetary damages, and other appropriate relief to redress the intentional violations of Plaintiffs civil rights, pursuant to 42 U.S.C. §§1981, 1983, 1985, 1988, Title VI and Title IX of the Civil Rights Act, 42 U.S.C. §2000d *et seq.*, secured under the laws of the United States and provisions of the laws of the State of New Jersey, against The Atlantic

1

Amateur Hockey Association, the Atlantic District Player Development Program, John Riley, and Colleen Marinari, collectively referred to as Defendants.

Plaintiffs action also arises under the Civil Rights Acts of 1871, as amended, 42 U.S.C. § 1981, 1983, 1985, 1988, Title VI of the Civil Rights Act, 42 U.S.C. §2000d et seq., the Fourth and Fourteenth Amendments to the Constitution of the United States, for race discrimination, and denial of equal protection on the basis of race.

Plaintiff also asserts that he was subjected to discriminatory and retaliatory actions by Defendants after Plaintiff, through his mother and legal guardian, protesting Defendants' discriminatory actions, in violation of Plaintiffs First Amendment right to free speech.

## STANDARD OF REVIEW

"Fraud upon the court" has been defined by a United States Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (7th Cir. 1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23.

Lawyers are professionally and ethically responsible for accuracy in their representations to the Court. Rule 3.1 of the Model Rules of Professional Conduct states that lawyers "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law." Similarly, Rule 3.3 provides that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." *Id.* at 3.3(a).

2

In *Kupferman v. Consolidated Research & Manufacturing Corp*, the court stated that

> [w]hile an attorney "should represent his client with singular loyalty that loyalty obviously does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the Court, as an officer thereof, demands integrity and honest dealing with the court." And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court. *Id.* 459 F.2d 1072, 1078 (2d Cir. 1972).

In *Aoude v. Mobil Oil Corp*, the Court stated:

> The requisite fraud on the Court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentimentally set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Id.* 892 F.2d 1115, 1118 (1st Cir.1989).

In New Jersey, a cause of action for common law fraud has five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 691 A.2d 350, 367 (1997). *Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 614-615 (D.N.J. 2013).

The law has a specific definition what constitutes actionable legal fraud. "Although the word 'fraud' maybe used in common parlance to connote any practice involving shady or underhanded dealing, in law it is a term of art with a precise definition." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 175 (2005). In order to assert a legal fraud claim the moving party must establish the following five elements by clear and convincing evidence: "(1) [a] material misrepresentation of a presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting harm." *Jewish Ctr. of Sussex Cty v. Whale*, 86 N.J. 619, 624-625

3

(1991); see also *Simpson v. Widger*, 311 N.J. Super. 379, 392 (App. Div. 1998) (holding that "fraud must be proven by clear and convincing evidence").

"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." *United States v. Throckmorton*, 98 U.S. 61 (1878).

## FACTS

In the instant case, Plaintiff originally retained attorney Matthew B. Weisberg, Esq. ("Weisberg"), a duly licensed attorney admitted to the Bar of this Court, currently serving as an officer thereof.

Prior to the filing of this action, Plaintiff met with Weisberg and after discussing the merits of her case with her, agreed to represent Plaintiff in this case, and filed the *Complaint* of the Plaintiff currently pending before this Court.

As a condition of Weisberg's representation of Plaintiff, after mutual consideration by both parties it was, among of things, agreed to that Weisberg would clearly and unambiguously communicate with Plaintiff as to any and all actions taken in this case before any action was taken, and that no action would be taken without first obtaining the informed consent of the Plaintiff.

New Jersey Rule of Professional Conduct, RPC 1.4 Communication, states:

(a) A lawyer shall fully inform a prospective client of how, when, and where the client may communicate with the lawyer;

(b) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;

(c) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation;

(d) When a lawyer knows that a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer shall advise the client of the relevant limitations on the lawyer's conduct.

4

On or about April 23rd, 2018, absent ever discussing this matter with Plaintiff, on his own accord, with the intent that this Court would rely thereupon, filed in this Court *Plaintiff's Response in Opposition to Defendant, USA Hockey Inc.'s Motion to Dismiss via. Plaintiff's Request to Voluntary Dismissal, Without Prejudice* ("Motion") filed in the record of this case as Document No. 12.

Weisberg, when he filed the Motion, thereby made a representation of fact to this Court that Plaintiff consented to the voluntary dismissal of USA Hockey, Inc.

At no point in time or in any fashion whatsoever did Weisberg ever communicate, discuss, advise, much less gain the implied consent of Plaintiff to represent to the Court that Plaintiff wished to voluntarily dismiss USA Hockey, Inc. as a party to this case. Weisberg never discussed the elements of the causes of action upon which relies or whether Plaintiff had any defenses based in either fact of law that would overcome USA Hockey Inc.'s Motion to Dismiss.

Plaintiff would not have and did not consent to the voluntary dismissal of USA Hockey Inc. as a defendant and therefore Weisberg's representation to this Court was false.

Weisberg's Motion asking this Court to enter an order voluntarily dismissing the primary Defendant USA Hockey, Inc., is a material representation.

Weisberg knew, and from previous interactions with Plaintiff, possessed sufficient knowledge, that to any reasonable person could conclude that it was not Plaintiff's wish that USA Hockey, Inc. be dismissed as a party to this case.

Weisberg, acting as an officer of this Court and in his official capacity as "Attorney for Plaintiff," filed *Plaintiff's Response in Opposition to Defendant, USA Hockey Inc.'s Motion to Dismiss via. Plaintiff's Request to Voluntary Dismissal, Without Prejudice*, Docket No. 12, hereby incorporated by reference as if fully set forth herein, with the intent that this Court would

believe that it was the Plaintiff's intent that USA Hockey, Inc., be dismissed as a party and that it be will of the Plaintiff that USA Hockey, Inc., be voluntarily dismissed as a party, which was the matter reasonable contemplated by Weisberg.

This Court did not have any knowledge that it was not Plaintiff's intention that USA Hockey, Inc., be voluntarily dismissed as party to this case. This Court did not know that Weisberg's representations set forth the Motion were false.

Relying upon the false, material misrepresentations by Weisberg that Plaintiff consented and desired that USA Hockey, Inc. be dismissed as a party, as set forth in the *Plaintiff's Response in Opposition to Defendant, USA Hockey Inc.'s Motion to Dismiss via. Plaintiff's Request to Voluntary Dismissal, Without Prejudice*, on April 24th, 2018 (Doc. 13), entered an Order dismissing USA Hockey, Inc., as a party to this case, and voluntarily dismissing all of Plaintiff's claims against USA Hockey, Inc., without prejudice.

Being an Officer of this Court, an attorney duly licensed to practice law, this Court had a right to rely upon Weisberg's representations' that Plaintiff chose to dismiss USA Hockey, Inc as a defendant.

Plaintiff and this Court were injured as a direct and proximate cause of the material, false representations that Weisberg made to this Court when he filed *Plaintiff's Response in Opposition to Defendant, USA Hockey Inc.'s Motion to Dismiss via. Plaintiff's Request to Voluntary Dismissal, Without Prejudice.*

Plaintiff hired Weisberg to remedy the unconstitutional violations of her civil rights and to remedy the injuries she sustained by USA Hockey, Inc., and would not have hired Weisberg to file the suit, simply to just dismiss them as a party.

## LAW AND ARGUMENT

In the United States, common law generally identifies nine elements needed to establish fraud: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) the representor's knowledge of its falsity or ignorance of its truth; (5) the representor's intent that it should be acted upon by the person in the manner reasonably contemplated; (6) the injured party's ignorance of its falsity; (7) the injured party's reliance on its truth; (8) the injured party's right to rely thereon; and (9) the injured party's consequent and proximate injury. See, e.g., *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1210 n.3, 2012 U.S. App. LEXIS 1175, at *25 n.3 (9th Cir. 2012) (quoting *Staheli v. Kauffman*, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979)); *Rice v. McAlister*, 268 Ore. 125, 128, 519 P.2d 1263, 1265 (1975); *Heitman v. Brown Grp., Inc.*, 638 S.W.2d 316, 319, 1982 Mo. App. LEXIS 3159, at *4 (Mo. Ct. App. 1982); *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 41, 56 P.3d 524, 536-37 (Utah 2002).

To successfully allege a claim for common law fraud, a plaintiff must plead each element with specificity and particularity. See, e.g., *Baron v. Pfizer, Inc.*, 820 N.Y.S.2d 841, 12 Misc. 3d 1169(A) (N.Y. App. Div. 2006) (holding that New York law requires a cause of action for fraud be pled with greater specificity than other causes of action (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57, 720 N.E.2d 892, 898 (N.Y. 1999))); *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 77, 985 P.2d 556, 562 (Ariz. Ct. App. 1998) ("Each element [of fraud] must be supported by sufficient evidence. 'Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence.'" (quoting *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982))); *Liniger v. Sonenblick*, 532 P.2d 538, 539-40, 23 Ariz. App. 266, 267-68 (Ariz. Ct. App. 1975) ("Actionable fraud cannot exist without a concurrence of all essential elements." (citing *Nielson v. Flashberg,* 101 Ariz. 335, 339, 419 P.2d 514, 518

(1966))); but see *Zimmerman v. Loose*, 162 Colo. 80, 87-88, 425 P.2d 803, 807 (1967) (concluding that "fraud may be inferred from circumstantial evidence" and that direct proof of reliance is unnecessary to prevail on a common law fraud claim); but see *Denbo v. Badger,* 503 P.2d 384, 386, 18 Ariz. App. 426, 428 (Ariz. Ct. App. 1972) (reasoning that a party need not allege with particularity whether the party "had a right to rely on representations," because this element is "determined from the very facts alleged" (citing *Jamison v. S. States Life Ins. Co.*, 412 P.2d 306, 3 Ariz. App. 131 (1966))).

Notably, "conclusory language" will not satisfy the specificity requirement of a common law fraud claim. *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 184, 65 P.3d 1255, 1265 (Cal. 2003); see *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, 16, 70 P.3d 35, 40 (Utah 2003) (stressing that "mere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude summary judgment").

### I. Opinions or Forecasts Are Not Actionable.

As stated above, in order to assert a fraud, claim the moving party must assert a "presently existing" misrepresentation of "fact." See *Simpson*, 311 N.J. Super. at 392 (holding that"[p]ossibilities are not 'presently existing' facts"); see also *Daibo v. Kirsch*, 316 N.J. Super. 580, 589-590 (App. Div. 1998). Hence a misstatement or misrepresentation of opinion is not fraudulent. *Gennari v. Weichert Co. Realtors*, 288 N.J. Super. 504, 535 (App. Div. 1996) . Whether a statement is one of fact or one of opinion under New Jersey law is decided as follows:

> The distinction between fact and opinion is broadly indicated by the generalization that what was susceptible of exact knowledge when the statement is made is usually considered to be a matter of fact. Representation in regard to matters not susceptible of personal knowledge are generally to be regarded as mere expressions of opinion, and that is held to be so even though they are made positively and as thought they are based upon the maker's own knowledge. Usually, also, to say that a thing is only matter of opinion imports that it is unsusceptible of proof.

*Joseph J. Murphy Realty, Inc. v. Shervan*, 159 N.J. Super. 546, 551 (App. Div. 1978). Using that definition, Courts have held that possibilities or future forecasts are not presently existing material misrepresentations of fact, but instead are in-actionable opinions. See *Simpson*, 311 N.J. Super. at 392; Daibo, 316 N.J. Super. at 589-90.

### II. Exact Knowledge At the Time the Statement was Made Is Required To Prove Fraud.

Additionally, "a statement's content must be susceptible of 'exact knowledge' at the time it is made" to be a statement of fact. Alexander v. CIGNA, 991 F. Supp. 427, 435 (D. N.J. 1998). Because future business is merely an "opinion" of the "possibilities" and not "presently existing facts," any predictions or projections of future payments which would flow to the Respondents cannot be fraudulent as a matter of law. Simpson, 311 N.J. Super. at 392; Daibo, 316 N.J. Super. at 589-590; Alexander, 991 F. Supp. at 435. Discussions as to the future projections cannot constitute "presently existing" material misrepresentations as a matter of law.

### III. A Party Must Show Scienter to Prove Legal Fraud.

A party asserting a fraud claim must also prove by clear and convincing evidence that the party who made the presently existing material misrepresentation did so with knowledge that the fact was false and wanted the other party to rely on it. As such, if a defendant makes a misstatement in error without any bad intent they cannot be held liable for legal fraud.

### III. Detrimental Reliance Is Also Required.

Moreover, in order to prove actionable legal fraud the party asserting the claim must prove by clear and convincing evidence that they were tricked or fooled by the defendant's misrepresentation. If the Plaintiff did not believe or consider the presently existing misstatement of fact when they entered into the agreement then they could not maintain their legal fraud claim.

9

### IV. Damages.

The last element a party asserting a fraud claim must prove is that they suffered damages. Those damages must be linked to the presently existing or past misrepresentation of fact. Thus, if a party cannot show that it suffered any form of injury or damages caused by that misrepresentation their case must be dismissed as a matter of law.

## ANALYSIS

The concept of fraud upon the court is most often invoked as a ground for vacating a judgment alleged to have been procured by perjured testimony or the submission of falsified evidence. See, e.g., *Shammas v. Shammas*, 9 N.J. 321, 330 (1952) ("Perjured testimony that warrants disturbance of a final judgment must be shown by clear, convincing and satisfactory evidence to have been, not false merely, but to have been willfully and purposefully falsely given, and to have been material to the issue tried . . . ."); *Gilgallon v. Bond*, 279 N.J. Super. 265, 267 (App. Div. 1995).

The law has a specific definition what constitutes actionable legal fraud. "Although the word 'fraud' maybe used in common parlance to connote any practice involving shady or underhanded dealing, in law it is a term of art with a precise definition." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 175 (2005).

In order to assert a legal fraud claim under New Jersey Law the moving party must establish the following five elements by clear and convincing evidence: "(1) [a] material misrepresentation of a presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting harm." *Jewish Ctr. of Sussex Cty v. Whale*, 86 N.J. 619, 624-625

10

(1991); see also *Simpson v. Widger*, 311 N.J. Super. 379, 392 (App. Div. 1998) (holding that "fraud must be proven by clear and convincing evidence").

In this case, Plaintiff, who is untrained in the law, hired Weisberg to represent her in this case and to file suit against USA Hockey, Inc. and others.

During Plaintiff's consultation with Weisberg's, Plaintiff was explicit and clear that she wanted to file a lawsuit against USA Hockey Inc., to redress the actions and inaction of USA Hockey, Inc., asserted in the Complaint. It was Weisberg who drafted and prepared the Complaint and filed the Complaint in this case against USA Hockey.

Plaintiff never even mentioned or even uttered to Weisberg that she wanted to voluntarily dismiss USA Hockey, Inc, as a party.

Weisberg made a material misrepresentation of fact to this Court when Weisberg filed *Plaintiff's Response in Opposition to Defendant, USA Hockey Inc.'s Motion to Dismiss via. Plaintiff's Request to Voluntary Dismissal, Without Prejudice.*

Weisberg knew full well that it was not the intention of the Plaintiff to voluntarily dismiss USA Hockey, Inc. as a party to this suit, and filed the Motion with the intent that the Court would believe it was.

Relying upon Weisberg's material representation, this Court, believing that it was the intention of the Plaintiff to dismiss them, entered the Order dismissing USA Hockey, Inc. as a party complained of herein.

As a direct and proximate cause of the actions of Weisberg complained of herein, against the will of the Plaintiff USA Hockey, Inc., was erroneously dismissed as a party to this action and this Court was frauded by an officer of its court, to-wit: Matthew B. Weisberg, Esq.

11

## CONCLUSION

"In order to prevail on a common law fraud claim, plaintiff must show that defendant: (1) made a representation or omission of a material fact; (2) with knowledge of its falsity; (3) intending that the representation or omission be relied upon; (4) which resulted in reasonable reliance; and that (5) plaintiff suffered damages." *DepoLink Court Reporting & Litig. Support Servs. v. Rochman*, 430 N.J. Super. 325, 336 (App. Div. 2013) (citing *Jewish Ctr. of Sussex Cnty. v. Whale*, 86 N.J. 619, 624 (1981)).

WHEREFORE, Plaintiff D'Ann McCoy, proceeding *pro se,* pursuant Rule 60(b) of the Federal Rules of Civil Procedure, and the authorities cited herein, hereby moves this Most Honorable Court to vacate its order Filed on April on April 25th, 2018, Docket No. 8, granting a Motion for Voluntary Dismissal of Defendant USA Hockey, Inc., due to fraud being committed upon this Court by attorney Matthew B. Weisberg, Esq., or that this Court will allow and provide an oral hearing on the same to avoid the miscarriage of justice that will otherwise result.

Respectfully Submitted,

*/s/ D'Ann McCoy*

D'Ann McCoy
853 North Moss Street
Philadelphia, PA 19139
(267) 972-0291
dmccoy4ever@gmail.com

12

## **DECLARATION OF D'Ann McCoy**

Pursuant, 28 U.S. Code § 1746, after being first duly sworn under the pains and penalties of perjury, by my signature below, swear and affirm that the foregoing is true and correct to the best of my knowledge, information, and belief, and if given the opportunity I would testify on the witness-stand before this Court to the verbosity of the same.

Executed at Philadelphia, Pennsylvania on May 6th, 2019

*[signature: D'Ann McCoy]*

D'Ann McCoy
853 North Moss Street
Philadelphia, PA 19139
(267) 972-0291
dmccoy4ever@gmail.com

13

## **CERTIFICATE OF SERVICE**

I, D'Ann McCoy, hereby certify that on this 6th day of May 2019, a true and correct copy of the foregoing Plaintiff's Motion to Vacate Order Entered April 25th 2018 (Dk. No. 8), was mailed, via First Class, United States Postal Service, to:

Thomas M. Reardon, III, Esq.
Reardon Anderson
55 Gilbert Street North, Suite 2204
Tinton Falls, NJ 07701;

M. Elizabeth Duffy, Esq.
Kirmser, Lamastra, Cunningham, & Skinner
202A Hall's Mill Road
P.O. Box 1675 Whitehouse Station, NJ 08889.

*D'Ann McCoy*

D'Ann McCoy
853 North Moss Street
Philadelphia, PA 19139
(267) 972-0291
dmccoy4ever@gmail.com

14