**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| D'ANN McCOY, et al, <br><br> Plaintiff, <br><br> v. <br><br> THE ATLANTIC AMATUER HOCKEY, et al, <br><br> Defendants. | Civil Action No. <br><br> 2:17-CV-10671-SDW-SCM <br><br> **ON ORDER REQUIRING COUNSEL FOR PLAINTIFF D.M.** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

This Court reviews the Order requiring counsel for Plaintiff D.M., who is a minor.[1] The Honorable Susan D. Wigenton, United States District Judge, referred this issue to the undersigned for report and recommendation.[2] For the reasons stated below, it is respectfully recommended that this case be **dismissed without prejudice**.

### I.     BACKGROUND AND PROCEDURAL HISTORY[3]

This action was filed on November 2, 2017 on behalf of plaintiffs D'Ann McCoy ("Ms. McCoy") and her minor age son D.M. against defendants The Atlantic Amateur Hockey

---

[1] (ECF Docket Entry No. ("D.E.") 28, Letter Order). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See* L. Civ. R. 72.1(a)(2).

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

Association, Atlantic District Player Development Program, USA Hockey, Inc., John Riley, and Collen Marinari.[4] The Complaint alleges that D.M. was subject to discrimination when he was not selected for a youth hockey program.

On January 11, 2019, counsel for Ms. McCoy and her son moved on notice to withdraw from this case.[5] Counsel withdrew on March 15, 2019, and the case was stayed for 30 days to allow Ms. McCoy more time to retain counsel.[6]

By Order dated March 20, 2019, the Court reiterated that Ms. McCoy could represent herself *pro se* but was required to find an attorney to represent her son.[7]

On April 9, 2019, Ms. McCoy moved for another extension of time to find new counsel.[8] The motion was opposed.[9] The Court granted an extension to May 17, 2019,[10] and advised that if Ms. McCoy did not find counsel for her son his claims could be dismissed.

As of the date of this writing, D.M. is still without counsel.

## II. LEGAL STANDARD AND ANALYSIS

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and

---

[4] (D.E. 1, Compl.).

[5] (D.E. 20, Motion to Withdraw).

[6] (D.E. 27, Substitution).

[7] (D.E. 28, Letter Order).

[8] (D.E. 30, Application/Petition for an Emergent Motion).

[9] (D.E. 31, Letter).

[10] (D.E. 32, Letter Order).

conduct causes therein."[11] This right "reflects a respect for the choice of an individual citizen to plead his or her own cause."[12] Though a litigant has the right to act as her own counsel, a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."[13] A parent cannot waive their child's right to counsel.[14] If a parent is unable or unwilling to obtain counsel for their child, the action may be dismissed without prejudice "to accrue for purposes of the relevant statutes of limitations" until the child is "eighteen years of age, or sooner if they become emancipated…."[15]

Ms. McCoy filed this action with the aid of counsel on behalf of her son. That counsel moved on notice to Ms. McCoy in January 2019 to withdraw from this case. Counsel withdrew two months later on March 15, 2019. Ms. McCoy was given until April 14, 2019 to retain counsel for her son. That deadline was extended to May 17, 2019. Still, D.M. is without counsel.

### III.   CONCLUSION

For the reasons articulated above, the undersigned respectfully recommends that D.M.'s claims be **dismissed without prejudice**. The parties have fourteen days to file and serve any

---

[11] 28 U.S.C.A. § 1654.

[12] *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882–83 (3d Cir. 1991) (quotation omitted).

[13] *Id*. at 884.

[14] *Id*.

[15] *Id*. at 883.

objections to this Report and Recommendation.[16] "The District Court need not consider frivolous, conclusive, or general objections."[17]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/22/2019 10:39:40 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

---

[16] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[17] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).